UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ANDREW WILLIAM GARCIA**,

    Petitioner,

v.                                                     **CIVIL NO. 08-0047 MCA/DJS**

**JAMES JANECKA, Warden,**

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. THIS MATTER is a proceeding on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. By this action, Petitioner seeks to vacate the judgment and sentence entered in No. CRCr00-04854 in the Second Judicial District, Bernalillo County, of New Mexico. In that proceeding Petitioner was convicted, pursuant to a guilty plea, of eleven counts of Criminal Sexual Penetration in the Second Degree (Child 13 to 16 Years Old)(Person in Position of Authority) and one count of Criminal Sexual Contact in the Third Degree (Person in Position of Authority). Pursuant to those convictions, he was sentenced to a term of imprisonment of one hundred and two years, seventy-two years of which were ultimately suspended. Petitioner challenges his conviction and sentence on the ground that his constitutional rights were violated when police questioned him after his arrest despite his request to speak with an attorney.

   2. 28 U.S.C. §2254 (b) and (c) require that a state prisoner seeking relief must exhaust state

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

remedies before seeking to obtain relief in a federal habeas proceeding. See generally, Rose v. Lundy, 455 U.S. 509 (1982). Respondent concedes that Petitioner has exhausted his state remedies but contends that the petition is time barred and that Petitioner does not meet the standard for *habeas* relief on the merits of his claim. The Court agrees the untimeliness of the instant federal petition bars Petitioner's request for relief.

    4. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified in part as 28 U.S.C. §2244(d)(1), became effective April 24, 1996 and established a one year statute of limitations for bringing *habeas* petitions pursuant to 28 U.S.C. §2254. That time period begins to run from the date on which the judgment became final by the conclusion of direct review or the expiration of time for direct review. 28 U.S.C. §2244(d)(1)(A). Alternatively, the time begins to run from the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2244(d)(1)(D). The one year statute of limitations is tolled during the time in which a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. §2244(d)(2).

    5. The judgment and sentence challenged by Petitioner was entered on October 26, 2001. Answer, Exhibit C. Thirty-four days after his conviction, Petitioner filed a motion to reconsider his sentence which was pending for four days. Answer, Exhibits H, I. Petitioner did not file a direct appeal of his conviction. On January 23, 2004, over two years after his motion to reconsider was decided, Petitioner filed a state *habeas* petition. Answer, Exhibit J. That petition was denied on March 12, 2004. Answer, Exhibit K. Petitioner failed to seek *certiorari* review of that denial but filed a second state *habeas* petition on January 18, 2007, two years and ten months later. Answer, Exhibit L. Petitioner sought *certiorari* review of the second denial nearly four months later, on July

2, 2007 and that review was denied on July 24, 2007. Answer, Exhibits, N, O.[2] The instant action was filed on January 11, 2008.

    6. Petitioner's conviction became final on November 25, 2001, as Rule 12-201(A)(2) of the New Mexico Rules of Appellate Procedure provides that parties must file an appeal within 30 days of the state district court's judgment. Thus, his Federal *habeas* petition would have had to been filed by November 25, 2002. Tolling that period for the four days during which his motion to reconsider his sentence was pending, he would have had to have filed his Federal petition by November 29, 2002. While Petitioner's state *habeas* petition would also have tolled the one year period of limitations, that petition was not filed until well after the period had expired. Consequently, this action is untimely.

    7. The one-year statute of limitations may be equitably tolled, although only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir.2000), cert. denied, 531 U.S. 1194 (2001). The Tenth Circuit limits equitable tolling of the one-year limitation period to "'rare and exceptional' circumstances." Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir.2003) (citing Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir.2000)). "Equitable tolling is appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct-or other uncontrollable circumstances-prevents a prisoner from timely filing, or when a

---

[2]Petitioner's failure to seek *certiorari* review of his first state *habeas* petition and his failure to seek *certiorari* review of his second state *habeas* petition within thirty days as required by New Mexico Supreme Court Rules 5-802 and 12-501 could result in this Court finding his claims procedurally defaulted. Watson v. State, 45 F.3d 385, 387 (10th Cir.1995)(Failure to seek discretionary relief from the New Mexico Supreme Court in a state postconviction proceeding constitutes failure to exhaust, which transforms into procedural default once the time for seeking such review expires).

prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Burger, 317 F.3d at 1141 (citing Gibson, 232 F.3d at 808). The burden is on a petitioner to demonstrate the circumstances that justify equitable tolling. Miller v. Marr, 141 F.3d 976, 977 (10th Cir.1998). Nothing in the pleadings in this action indicates that equitable tolling is appropriate in this case. Petitioner does not assert actual innocence and two separate periods of over two years, during either of which the one-year period of limitations would have expired, passed prior to Petitioner seeking federal *habeas* relief.

### RECOMMENDED DISPOSITION

That the petition be denied and that this matter be dismissed with prejudice as time barred.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**